```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 17-CIV-24646-SCOLA
                                   MAGISTRATE JUDGE P.A. WHITE

JAMES BERNARD CAMPBELL,        :
                               :
     Petitioner,               :
                               :
v.                             :        REPORT OF
                               :     MAGISTRATE JUDGE
JULIE JONES,                   :
                               :
     Respondent.               :
                               :
```

## I. Introduction

James Bernard Campbell, a state prisoner confined at Santa Rosa Correctional Institution in Milton, Florida, has filed an amended pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his conviction and sentence entered in Case No. F86038693 in the Circuit Court of the Eleventh Judicial Circuit of Florida for Miami-Dade County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court has for its consideration the petition (DE#1). No order to show cause has been issued because, on the face of the petition, it is evident the petitioner is entitled to no relief.[1]

---

[1] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. §2243 (emphasis added). Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

## II. Procedural History

Petitioner was convicted of various murder, burglary, robbery, and firearms charges, and sentenced to life in prison. (See, docket in Case No. F86038693). Petitioner then came to this Court, filing his first pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, which was assigned case no. 98-Civ-02008-Graham. As the docket of that case reflects, that petition was denied, and Petitioner has not stopped litigating it ever since. Indeed, a search of Petitioner's name in the Southern District, of which this Court can take judicial notice,[2] reveals that Petitioner has filed multiple successive § 2254 petitions, all of which have been dismissed for lack of jurisdiction due to Petitioner's failure to obtain the requisite prior authorization from the Eleventh Circuit Court of Appeals. Apparently savvy to this restriction, Petitioner has also taken to filing a plethora of creatively-styled motions in his original habeas proceeding, to the point that the undersigned has recommended that an anti-filing injunction be entered in that case. (See Case No. 98-Civ-02088-Graham, DE#258).

On November 26, 2017, pursuant to the "prison mailbox rule,

---

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. *If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.*

RULES GOVERNING SECTION 2254 CASES, RULE 4 (emphasis added). A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999). See also Bundy v. Wainwright, 808 F.2d 1410, 1414-15 (11th Cir. 1987)(stating that court entertaining application for writ of habeas corpus may either grant the writ, or issue order directing respondent to show cause why it should not be granted, or it may summarily dismiss petition for facial insufficiency).

[2] 02-CF-000197. See Fed.R.Evid. 201(b) and (c); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)(indicating that documents filed in another court may be judicially noticed)(*quoting* Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388-89 (2d Cir. 1992)).

2

Petitioner filed the instant purported Amended Independent Action (DE#1), in which he states that his constitutional rights were violated in his underlying state criminal case, and asks the court to relief from his criminal judgment. And as the Supreme Court has stated, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release ... , his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The instant "Amended Independent Action" is thus in legal effect yet another petition for writ of habeas corpus. See Castro v. United States, 540 U.S. 375, 381-82 (2003)(the solicitous approach to pro se submissions authorizes the district courts to recast a pr ose litigant's claim so that its substance corresponds to a proper legal theory).

### III. Discussion

On April 24, 1996, the habeas corpus statutes were amended. Included in the amendments is a change in 28 U.S.C. §2244, which provides in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as

> a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application*.

(emphasis added).

Here, as indicated above, Petitioner has already filed a habeas petition that was adjudicated on the merits. Thus, the instant petition is a successive petition with regard to the challenge to the subject conviction. Since Petitioner has failed to apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A), the petition must be dismissed in that this court lacks jurisdiction to review on the merits any challenges to the conviction until the circuit court grants Petitioner permission to file a second or successive petition. See Burton v. Stewart, 549 U.S. 147, 127 S.Ct. 793, 799, 166 L.Ed.2d 628 (2007); Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007); 28 U.S.C. §2244(b)(1). See generally Magwood v. Patterson, 561 U.S. 320, 130 S.Ct. 2788, 1777 L.Ed.2d 592 (2010)(noting that the AEDPA's bar on second and successive habeas corpus applications applies only to a second or successive application challenging the same state court judgment).

Because the instant petition is successive, any attempt by Petitioner to obtain review on the merits of his attack on his conviction is for the Eleventh Circuit Court of Appeals to decide. If the petitioner intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The petitioner will be provided with a form to apply for such

authorization with this report.

### IV. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. §2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is debatable. Miller-El v. Cockrell, 537 U.S. 322, 366, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Petitioner has failed to make a substantial showing that reasonable jurists would find "debatable or wrong" the undersigned's determination that this Court has no jurisdiction. As now provided by Rules Governing §2254 Proceedings, Rule 11(a), 28 U.S.C. foll. §2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

### V. Recommendation

It is recommended that this petition for habeas corpus relief be dismissed for lack of jurisdiction for failure of the petitioner to obtain from the Eleventh Circuit Court of Appeals the authorization required by 28 U.S.C. §2244(b)(3).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 2nd day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

James Bernard Campbell
DC 804965
Santa Rosa Correctional Institution
5850 East Milton Road
Milton, FL 32583-7914
PRO SE